UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

REV/ NIGEL MARLIN REID, Sr.           )
                                      )
v.                                    )    No. 2:13-cv-275
                                      )    *Greer/Inman*
HOPE WILLIAMS, SUSSAN WILLIAMS,       )
LINCOLN MANNER APARTMENTS,            )
MELISSA BORING, NANCY RIFUL,          )
and ROGER GREEN                       )

## **MEMORANDUM and ORDER**

This is a *pro se* civil rights action for damages, filed under 42 U.S.C. § 1983, [Doc. 1]. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, [Doc. 2]. Two of the defendants named in this lawsuit are Hope Williams, owner/director of the Daley Bread, a soup kitchen and, presumably, a charitable organization, and his wife, Sussan Williams. The Williamses are alleged to have permitted their security guard, in October of 2012, to call the Morristown Police Department, knowing that plaintiff had not entered the premises of the Daley Bread, in violation of the restraining order obtained against him about five years ago, which directed him to stay about 1000 yards away from the soup kitchen.

Other defendants are Melissa Boring, who purportedly called the Morristown Police Department, falsely reporting that plaintiff had stepped foot on the property known as Lincoln Manner Apartments, which also, apparently, is a property upon which plaintiff is under legal restraint from stepping foot; Nancy Riful (also spelled Rifull in the body of the complaint), Manager of the Lincoln Manner Apartments, who is being sued because she allowed Ms. Boring to use the business phone to call the police; and Roger Green, who along with Ms. Riful, is one of Ms.

Boring's best friends. Plaintiff maintains that defendants Rifal and Greene allow defendant Boring to harass him. That harassment, according to the complaint, caused plaintiff mental anguish and stress, which in turn, resulted in his having to have heart ablation surgery in November of 2012. What the Lincoln Manner Apartments has done to plaintiff which has caused it to be named as a defendant is unexplained.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In performing this task, however, the Court recognizes that pro se pleadings filed in civil rights cases are construed indulgently and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court examines the complaint in light of those requirements.

To state a claim upon which relief may be granted in a § 1983 action, a plaintiff must show that a defendant 1) deprived him of a right secured by the Constitution and the laws of the United States 2) while acting under color of state law. *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The conduct of a private defendant is actionable under § 1983 only if the conduct can be fairly attributable to the state, *see Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir.1998); *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir.1996), *cert. denied*, 520 U.S. 1267 (1997), and the conduct of a private party may be fairly attributable to the state only if the conduct is so closely connected to the state that it may be fairly treated as that of the state.

Here, there are no allegations whatsoever that any of these defendants are state actors or that

2

their challenged actions may be fairly attributed to the state. Thus, the plaintiff fails to state a claim entitling him to relief under § 1983 against these defendants.

A separate order will enter dismissing this case for failure to state a claim. 28 U.S.C. § 1915(e)(2) and § 1915A.

**ENTER**:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE